REQUESTED BY: Michael J. Owens, Hamilton County Attorney, Aurora, Nebraska
May deputy county officers required by the county board or otherwise required by law to give a bond be legally covered by a blanket bond covering all such deputies and county employees rather than an individual bond from each deputy officer?
No.
Neb.Rev.Stat. § 11-126 (Reissue 1977) provides that whenever any deputy or employee of officers therein named are required by law or the order of the county board to supply bond, and such deputy or employee shall furnish a bond by a surety company, the county may pay the premium for such bond when approved by the county board.
There are also some sections of the statutes as to specific deputy officials. For example, Neb.Rev.Stat. 23-1204.04
(Reissue 1977) requires a deputy county attorney to file a bond in the same manner and for the same amount required of the county attorney.
Neb.Rev.Stat. § 23-1505 (Reissue 1977) provides that the deputy register of deeds shall have all the powers and perform all the duties of the register of deeds `upon giving bond as provided by law.'
In Foote v. County of Adams, 163 Neb. 406,80 N.W.2d 179 (1956), the Supreme Court of Nebraska, after enumerating a number of statutes pertaining to county officers' bonds, concluded that it was never contemplated by the Legislature that a blanket bond would be sufficient to legally fulfill the statutory requirements. The opinion did not specifically cover deputies; however, the court had this to say:
 Plaintiff in his petition prays for relief only as to the bonds of elective county officials. Nevertheless we have combed the statutes as they apply to elective and appointive county officials and employees. From beginning to end the entire statutory scheme points to a legislative intent and purpose that each official shall furnish his individual bond, subject to the terms and conditions applicable to his individual office. It is that kind of a bond that the Legislature contemplated would be furnished, approved, and filed.
 During the many years these statutes have been in force, multiplied thousands of county officers have complied therewith without difficulty. These statutes have required a minimum of judicial construction. We find nothing in the act that points to a legislative intent that blanket official bonds were contemplated or authorized. The many provisions have pointed out negative such a conclusion.
Id. at 423-424.
Since that time, while the Legislature has authorized the filing of blanket bonds for certain state officers and employees, it has taken no further action concerning county officers, their deputies and employees.
Specifically, the Legislature in 1978 amended Neb.Rev.Stat. § 84-801 (Supp. 1980) by inserting the following language: `The deputy for each of the state offices shall be bonded under the blanket surety bond required by section 11-201. A bond may be required from each of the deputies for each of the county offices.' The Legislature had an opportunity to specifically authorize blanket bonds for county officers and deputies, or such of them as it may have chosen, while it was doing the same for deputy state officers but chose not to do so.
The reasoning applied by the Supreme Court in Foote v.County of Adams, supra, is still applicable today insofar as bonds of county officers, deputies and employees are concerned. For that reason, it is our opinion that the legality of a blanket bond for deputy county officers and employees would be difficult to defend and until such time as the Legislature specifically authorizes blanket bonds for such officials that an individual bond should be required.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General